

# The Attorney General of Texas

March 19, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas 78061

Opinion No. MW-309

Re: Grievance procedure under article 3912k, V.T.C.S.

Dear Mr. Smith:

You ask two questions concerning the grievance procedure provided in article 3912k, V.T.C.S. You first ask:

> Once a grievance committee has met and taken formal action, but less than an unanimous concurrence was reached as to raising the aggrieved parties salaries, then may those elected officials continue to file _repeated_ written requests for the reconvening of said committee to reconsider their grievances or must said officials wait until the next budgetary hearing to file their written grievances at which time their salaries would be re-set for the following budgetary year?

Article 3912k, V.T.C.S., authorizes the commissioners court to set the salaries and expenses of county officers and employees. A grievance committee is established pursuant to section 2 of article 3912k. An elected county or precinct officer "who is aggrieved by the setting of his salary, expenses, or other allowance by the commissioners court may request a hearing before the committee." Sec. 2(d) (emphasis added). The statute is phrased in the singular. We believe a single grievance entitles the official to a single appeal through the grievance procedure. The elected officials may not have the committee reconvened repeatedly in order to consider their salary setting.

Your second question arises from the fact that the public members of the grievance committee are drawn from persons who served on grand juries during the preceding calendar year. Your question is as follows:

> Are grand jurors, who are selected in accordance with this article, entitled to a fee for their services on the grievance committee as they would be if they were actually serving on a grand jury?

Article 2122, V.T.C.S., provides for the payment of each grand juror for each day or fraction of a day that he serves as a juror. We believe that service on the grievance committee does not constitute service as a juror. Service as a public member of the grievance committee is voluntary and does not carry compensation under article 2122.

## SUMMARY

An elected county or precinct officer who is aggrieved by the setting of his salary under article 3912k, V.T.C.S., is entitled to one appeal through the grievance procedure per salary setting. The public members of the grievance committee who are drawn from grand jury lists are not entitled to payment under article 2122, V.T.C.S., as grand jurors for service on the grievance committee.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Walter Davis
Rick Gilpin
Bruce Youngblood